491 P.2d 1208

**Milton L. WEILENMANN, Plaintiff and Respondent,**

**v.**

**Grant Blackhurst MORRELL, Defendant and Appellant.**

**No. 12421.**

Supreme Court of Utah.

Dec. 16, 1971.

---

Raymond M. Berry, of Worsley, Snow & Christensen, Salt Lake City, for defendant and appellant.

John L. Black, of Rawlings, Roberts & Black, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment entered on a jury verdict favorable to plaintiff in an intersection auto collision case. Affirmed with costs to plaintiff.

■ Early in an October morning where darkness required operating headlights, the plaintiff, driving on a through street, collided with defendant who either stopped at a stop sign and then entered the intersection, or ran the stop sign. There was conflicting testimony as to who saw what, when and why, and it is true that there was some evidence that perhaps was not explainable because of absence of witnesses. The latter was at least partly due to the fact that defendant either blacked out or didn't remember what happened after passing the stop sign. The record does reflect evidence, that if believed by the veniremen, would support the verdict, in which event it is needless to repeat the frayed rule about review on appeal.

This is a classic case for Solomon, but under our jury system, unless there is an obvious abuse of the mythical reasonable man's role in our jurisprudence, that, right or wrong, we invest the arbiter of the facts with Solomonic wisdom. So saying, we could have said that had the jury decided otherwise, so had we have done.

■ More troublesome, perhaps, is the urgence that a couple of instructions either were not given, or given without legal warrant. There is some question as to making timely request therefor or of sounding a proper objection thereto,—but from the whole record we cannot say that prejudicial error was extant here as to justify our reversal,—and we so hold.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.